**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Michael Lorber, | No. CV-20-00023-PHX-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Jason Lorber's Application for Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 15, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 62–74).

**I.  BACKGROUND**

Plaintiff filed his Application for Disability Insurance benefits on May 3, 2016, alleging disability beginning January 21, 2016. (*Id*. at 66.) Plaintiff's claim was denied initially on August 18, 2016, and upon reconsideration on November 28, 2016. (*Id*.) On October 15, 2018, Plaintiff appeared before the ALJ for a hearing on his claim, and on

November 9, 2018, the ALJ denied Plaintiff's claim. (*Id.* at 62–74.) The Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on November 21, 2019. (*Id.* at 1–6.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: diabetes mellitus; obesity; diabetic neuropathy; and mild bilateral carpal tunnel syndrome. (*Id.* at 68.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (*Id.* at 73.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 68.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to lift and carry up to twenty pounds occasionally and ten pounds frequently; he can walk and/or stand for two hours in an eight-hour workday and sit for about six hours per eight-hour workday with normal breaks; he is limited to occasional operation of foot controls bilaterally; he can never climb ladders, ropes, or scaffolds; he is limited to occasional climbing of ramps and stairs, occasional balancing and occasional crawling, but he can frequently stoop, crouch, and kneel; he is limited to frequent bilateral handling, fingering, and feeling; he can have only occasional exposure to excessive vibration, pulmonary irritants such as fumes, odors, dust, and gases, and occasional exposure to poorly ventilated areas; he cannot have any exposure to dangerous machinery or unprotected heights; and he cannot drive on the job.

(*Id.* at 69.) Accordingly, the ALJ found that Plaintiff is unable to perform his past relevant work as an operating engineer but could perform other jobs that exist in significant numbers in the national economy. (*Id.* at 72.)

II.     **LEGAL STANDARDS**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff raises essentially a single issue for the Court's consideration—that the ALJ

failed to properly evaluate the opinion of Plaintiff's treating physician, Dr. Varuzhan Movsesyan. (Pl. Br. at 15–21.) Based on this error, Plaintiff further argues that the ALJ posed an incomplete hypothetical to the vocational expert ("VE") and miscalculated Plaintiff's RFC since neither the hypothetical nor Plainitff's RFC included Dr. Movsesyan's opined-to limitations. (*Id.* at 22–23.)

For the following reasons, the Court rejects Plaintiff's arguments and affirms the ALJ's opinion. Although there is competing evidence, substantial evidence supports the ALJ's evaluation of Dr. Movsesyan's opinion. The ALJ correctly discounted Dr. Movsesyan's opinion based on its inconsistency with Plaintiff's medical records and its reliance on Plaintiff's subjective complaints. Therefore, the ALJ appropriately discounted Dr. Movsesyan's opined-to limitations in calculating Plaintiff's RFC.

Dr. Movsesyan opined that due to Plaintiff's symptoms he would: have significant functional limitations; need to take regular unscheduled breaks; and likely be absent from work more than three times per month due to his impairments or treatment. (R. at 448–52.) According to the VE, if these limitations were included in Plaintiff's RFC, he would be unable to sustain employment. (*Id.* at 34.) The ALJ rejected Dr. Movsesyan's opinion because it was: (1) inconsistent with Dr. Movsesyan's medical records; (2) inconsistent with Plaintiff's other medical records; and (3) relied on Plaintiff's subjective complaints.

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on

substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, substantial evidence supports the ALJ's finding that Dr. Movsesyan's opinion was undermined by Plaintiff's medical records, including Dr. Movsesyan's own treatment records. Although Plaintiff aptly identifies some medical evidence supporting Dr. Movsesyan's opined-to limitations, substantial evidence is ultimately a very deferential standard of review. (Pl. Br. at 17–18); *e.g.*, *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). Plaintiff identifies medical records that reveal Plaintiff experienced tenderness, numbness, and pain in the lower extremities and required injections for treatment. (Pl. Br. at 17; R. at 264, 268–70.) Similarly, the ALJ found that Plaintiff's numbness in his lower extremities is supported by the record and found that "[t]his condition would naturally limit [Plaintiff]'s ability to stand and/or walk for prolonged periods." (R. at 70.) Accordingly, the ALJ limited Plaintiff's ability to stand and walk in his RFC. (*Id.*) Substantial evidence supports the ALJ's finding that Dr. Movsesyan's opinion—*e.g.*, his opinion that Plaintiff can sit or stand/walk for less than one hour per workday—was largely unsupported by the medical evidence. (*Id.* at 450.) Plaintiff claims the ALJ cherry-picked the record to discredit Dr. Movsesyan's opinion. (Pl. Br. at 18.) Many records show evidence of the existence of some symptoms, but not to the magnitude opined by Dr. Movsesyan. For example, several indicate that despite his symptoms, Plaintiff walked with a normal gait, his physical examinations were normal besides decreased sensation, and his pain responded well to medication. (*Id.* at 248, 312, 329, 332, 337, 389, 399, 412 489, 495.) Accordingly, the ALJ did not err by rejecting Dr. Movsesyan's based on its inconsistency with Plaintiff's medical records.[1]

Further, the ALJ correctly rejected Dr. Movsesyan's opinion based on its apparent overreliance on Plaintiff's subjective complaints. Specifically, the ALJ found that Dr.

---

[1] The Court rejects Plaintiff's argument that since the ALJ is not a doctor she is not qualified to conclude that the evidence does not support Dr. Movsesyan's opinion. (Pl. Br. at 16.) The relevant regulations provide that ALJs must consider the medical evidence in evaluating medical opinions. 20 C.F.R. § 404.1527(c)(3), (4).

Movsesyan's opinion that Plaintiff needs to constantly change positions was based solely on Plaintiff's reports rather than objective evidence. (R. at 71–72, 448–52, 474.) This was a permissible basis for rejecting Dr. Movsesyan's opinion since the ALJ also properly discounted Plaintiff's symptom testimony, which Plaintiff does not challenge, and it is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ correctly noted that the opined-to limitation only appears in a single record that indicates Plaintiff requested the limitation in Dr. Movsesyan's opinion. (R. at 474.) Plaintiff argues Dr. Movsesyan relied on objective testing in rendering the opinion and that the ALJ did not provide a basis for the conclusion that the opinion was based more on self-reports than objective testing. (Pl. Br. at 19.) The Court disagrees. The ALJ identified the unsupported aspects of Dr. Movsesyan's opinion and identified specific evidence in the record that supports her conclusion that the opinion should be discounted. Substantial evidence supports the ALJ's conclusion, and therefore she did not err.

Plaintiff also argues that the ALJ failed to give controlling weight to Dr. Movsesyan's opinion, or in the alternative, failed to properly weigh the opinion consistent with the relevant factors. (Pl. Br. at 15, 19–21.) Again, the Court disagrees. The ALJ provided specific and legitimate reasons supported by substantial evidence for affording Dr. Movsesyan's opinion little weight. ALJs are not required to afford controlling weight to a treating source opinion. *Tonapetyan*, 242 F.3d at 1148. Further, the ALJ's analysis demonstrates that the ALJ appropriately considered Dr. Movsesyan's treatment relationship with Plaintiff and his medical expertise but rejected the opinion because it was inconsistent with the medical evidence and was overly based on self-reports. Even if another adjudicator would have weighed the evidence differently, the ALJ's decision is entitled to deference since it is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004) (declaring that when competing rational inferences can be drawn from the record, the ALJ's decision should be upheld).

Finally, the Court rejects Plaintiff's argument that the ALJ erred by failing to include Dr. Movsesyan's opined-to limitation in hypotheticals to the VE and in Plaintiff's

RFC. But RFCs and hypotheticals to vocational experts need only contain those limitations that are supported by substantial evidence. *See Hill v. Astrue.* 698 F.3d 1153, 1161–62 (9th Cir. 2012)*; see also Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 886 (9th Cir. 2006). Since the ALJ properly rejected Dr. Movsesyan's opinion and substantial evidence supported that rejection, the ALJ was not required to include his opined-to limitations in Plaintiff's RFC or the hypotheticals posed to the VE.

## IV. CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ correctly rejected Dr. Movsesyan's opinion because it was inconsistent with Plaintiff's medical records and was overly reliant on self-reports. Accordingly, the ALJ was not required to include Dr. Movsesyan's opined-to limitations in Plaintiff's RFC.

**IT IS THEREFORE ORDERED** affirming the November 9, 2018 decision of the Administrative Law Judge (R. at 62–74), as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 20th day of January, 2021.

Honorable Steven P. Logan
United States District Judge